■ In the Matter of the Claim of JEAN MANKUSKI, Respondent, v KINGS PARK FIRE DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from decisions of the Workers' Compensation

Board, filed April 6, 1978 and December 6, 1978, which reversed a referee's decision and held that the deceased employee's accident arose out of and in the course of his employment. On February 15, 1974, decedent was the chief of the Kings Park Fire Department (Kings) and died as the result of an automobile accident on that day. The referee disallowed the claim on the ground that decedent's death did not arise out of and in the course of his firemanic duties. The board affirmed. Thereafter, the full board rescinded the determination and ordered further consideration. After taking additional testimony, it was held that the fatal injuries sustained arose out of and in the course of the decedent's firemanic duties. This appeal ensued and the sole issue is whether there is substantial evidence to support the determination. There was testimony by a fireman on duty with Kings that a telephone call came in about 7:25 P.M. on February 15, 1974 reporting a fire at the A & P Shopping Center; that he proceeded to call the chief on the radio and made the call directly to the chief's automobile; that the call was entered in the logbook; and that the chief told him he would investigate the fire. The record further reveals that the accident happened on the route between the shopping center and the firehouse. There was also testimony by the district supervisor of the Smithtown Fire District (Smithtown), which acted as dispatcher for Kings, that at 7:55 P.M. a call was received from Kings requesting an ambulance because the chief was involved in an accident. The supervisor also testified that there were only two frequencies which could have been used at the time to make a radio transmission to the chief and that he reviewed the logs kept by Smithtown and they revealed that no call was made to the chief. Such conflicting testimony and proof presented questions of fact and credibility which were for the board to resolve. The board could have credited either story, but chose to conclude that a call had been made to the chief asking him to investigate a reported fire at the shopping center. On this record, we should not disturb that finding (Matter of Hawthorne v Peartrees, Inc., 56 AD2d 961). Considering the record in its entirety, we are of the view that there is substantial evidence to sustain the determination. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.